# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY - CAMDEN VICINAGE

| | | |
|---|---|---|
| **GLORIA JEAN COLASURDO,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 19-6562 |
| **v.** | : | |
| | : | |
| **TOWN OF HAMMONTON, NEW JERSEY** | : | |
| | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                      APRIL 25, 2023

## MEMORANDUM OPINION

**INTRODUCTION**

In this civil action, Plaintiffs Gloria Jean Colasurdo, Mission Rock, LLC, Frog Rock Golf & Country Club, and Rocco F. (collectively, "Plaintiffs") assert claims against Defendant Town of Hammonton, New Jersey ("Defendant"), for violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, the New Jersey Environmental Rights Act, N.J. Stat. Ann. § 2A:35-1, *et seq.*, and the New Jersey Water Protection Control Act, N.J. Stat. Ann. § 58:10A-6(a). [ECF 45]. Plaintiffs' claims are premised on their allegations that Defendant discharged pollutants to navigable waters of the United States and New Jersey from Defendant's Boyer Avenue Land Application Facility (the "Boyer Facility"). Presently, before the Court is Plaintiffs' motion for a preliminary injunction. [ECF 84].[1] For the reasons set forth below, Plaintiffs' motion is denied.

**BACKGROUND**

Plaintiffs previously filed a motion for a preliminary injunction in this matter's procedural infancy. [ECF 3]. The Honorable Judge Robert B. Kugler held a hearing on the motion, [ECF 5],

---

[1] This Court has considered Plaintiffs' motion, [ECF 84], Defendant's response, [ECF 90], and Plaintiffs' reply, [ECF 95].

1

denied the motion without prejudice, [ECF 7], and ordered limited discovery on the issues pertinent to the motion and scheduled an additional hearing on the motion, [ECF 7]. In the interim, the parties reached an agreement, in which Defendant consented to the removal of an infiltration trench pipe. [ECF 17]. Thereafter, Plaintiffs withdrew their motion for a preliminary injunction. [ECF 22].[2]

Plaintiffs seek a preliminary injunction to enjoin Defendant's alleged overuse of a drip irrigation system at the Boyer Facility, which allegedly discharges treated liquid waste onto Plaintiffs' properties. Plaintiffs also request that Defendant be required to retain a mutually agreed-upon environmental company to test affected soil and to supply the results of such testing to Plaintiffs and to this Court. Defendants oppose Plaintiffs' motion, arguing, *inter alia*, that Plaintiffs fail to establish any of the four criteria that would entitle them to injunctive relief.

**DISCUSSION**

As a threshold matter, the parties disagree as to whether this Court has the authority to issue the requested preliminary injunction. Defendant argues that a preliminary injunction would usurp the regulatory authority of the entities that approved the Boyer Facility, namely, the New Jersey Department of Environmental Protection and the Pinelands Commission. Defendant further asserts that the proper procedure for any changes to the Boyer Facility's groundwater permit should be made through application to the New Jersey Department of Environmental Protection. Plaintiffs disagree and submit that in the absence of state or federal enforcement of the CWA, private citizens may file suit and have access to the same remedies as the federal or state government.

---

[2] Following reassignment of this matter to this Court, the parties' respective motions for summary judgment were denied, [ECF 80], and trial is scheduled to begin on November 20, 2023, [ECF 88].

The Clean Water Act (the "CWA") permits "private persons to sue for injunctions to enforce" the statute. *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14 (1981) (citing 33 U.S.C. § 1365(a)). Indeed, the CWA's citizen-suit provision expressly contemplates injunctive relief. *See* 33 U.S.C. § 1365(d) ("The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond . . . ."); *see also Nat. Res. Def. Council v. Texaco Refining & Mktg.*, 906 F.2d 934, 935 (3d Cir. 1990) ("The Act allows the court in a citizen suit to order injunctive relief and/or impose monetary penalties."). Thus, under the CWA, this Court has authority to order injunctive relief.

Federal Rule of Civil Procedure ("Rule") 65 governs the issuance of a preliminary injunction. For a court to grant an injunction, the United States Court of Appeals for the Third Circuit has interpreted this Rule to require that the movant show "(1) it has a likelihood of success on the merits, (2) it will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." *Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006). The movant carries the burden to establish each element in its favor. *P.C. Yonkers, Inc. v. Celebrations the Party Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005). The first two factors are the "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* A preliminary injunction is only appropriate "upon a clear showing that the plaintiff is entitled to such relief." *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC.*, 774 F.3d 192, 197 (3d Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

As noted, the parties each filed a motion for summary judgment as well as responses in opposition to the other party's motion for summary judgment. After considering the submitted evidence, this Court denied the parties' respective motions for summary judgment. In the December 20, 2022 Order, this Court noted:

> As argued at length in the parties' respective motions, Plaintiffs' claims depend on determinations as to: (1) whether Plaintiff suffered an actual injury sufficient to give them standing; (2) whether any pollutants discharged from the Boyer Facility reached navigable waters; (3) whether any pollutants discharged from the Boyer Facility reached wetlands that had the requisite continuous surface connection to navigable waters; (4) whether Plaintiffs provided Defendant the requisite tort claim act notice; (5) whether the alleged discharges were accidental; and (6) whether Plaintiffs suffered any damages.
>
> As one would expect in this type of environmental tort case, both parties have proffered expert opinions to support their claims and defenses and their arguments with respect to each of the determinations identified above. While both parties spend the bulk of their briefs either citing to their own expert's opinions or attacking the other party's expert opinions, neither party has filed a *Daubert* motion seeking exclusion of the other party's expert or provided argument for such exclusion. Having reviewed each party's proffered expert report and cited expert deposition testimony, this Court finds that the parties' opposing expert opinions create, at this stage of the proceedings, genuine disputes of material facts with respect to each of the issues raised in the underlying motions for summary judgment. Accordingly, the parties' respective motions for summary judgment are denied.

(Dec. 20, 2022 Order, ECF 80, at p. 1).

Having previously considered the parties' proffered evidence in support of their respective motions for summary judgment, this Court cannot now conclude that Plaintiffs have demonstrated a likelihood of success on the merits. *See E.M. v. Shady Grove Reprod. Sci. Ctr. P.C.*, 2020 WL 7264048, at *4 (D.D.C. Dec. 10, 2020) ("[Plaintiff's] failure to prevail on any claim at summary judgment means she cannot make the required 'clear showing' of a likelihood of success on the

4

merits.  And because 'a failure to show a likelihood of success on the merits alone is sufficient to defeat a preliminary-injunction motion,' the Court's inquiry need not proceed any further.") (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *see also Post-Browning, Inc. v. Robert Knabe*, 2015 WL 5719580, at *4 (S.D. Ohio Sept. 30, 2015) ("The Court concludes that [the defendant] has raised a genuine issue of material fact regarding whether [the plaintiff] lived up to promises made to [the defendant] regarding the Indiana territory.  Therefore, it cannot be said at this stage of the proceedings that [the Plaintiff] has demonstrated a likelihood of success on the non-compete provision in the Agreement.").[3]  As this Court previously determined, there are genuine issues of material fact that precluded Plaintiff from prevailing at the summary judgment stage.  Having found genuine issues of material fact, Plaintiffs have not made a "clear showing" of a likelihood of success on the merits.  Accordingly, Plaintiffs have not met the gateway criteria for a preliminary injunction, and this Court need not consider the remaining factors governing the issuance of a preliminary injunction.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is denied.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

[3] This Court recognizes that the Third Circuit has held that where resolution of a motion for a preliminary injunction "turns on a disputed factual issue, an evidentiary hearing is ordinarily required." *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 324 (3d Cir. 2015).  The Third Circuit reached that conclusion, however, prior to the completion of discovery or consideration of a motion for summary judgment.  Here, the parties have completed discovery and presented that discovery to the Court in support of their respective motions for summary judgment, and this Court has determined, after considering both parties' evidence, that neither was entitled to judgment as a matter of law.  Under these circumstances, this Court finds that the requirement to hold an evidentiary hearing is inapplicable to the present motion, especially in consideration of the upcoming scheduled trial in this matter.